UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ROBERT WINFREY,            )
                           )
        Plaintiff,         )
                           )
    v.                     )     No. 1:07-CV-159 CAS
                           )
UNKNOWN BABICH, et al.,    )
                           )
        Defendants.        )

# ORDER

This matter is before the Court on review of the file. Plaintiff Robert Winfrey filed an "Amended Complaint/Traverse" in response to defendants Dwyer, Phillips and Steele's Answer to plaintiff's Complaint.

Rule 7 of the Federal Rules of Civil Procedure specifies the pleadings which are permitted to be filed in a federal civil case. The Rule states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is filed. **No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer**.

Rule 7(a), Fed. R. Civ. P. (emphasis added).

"No reply should be made to an answer . . . that does not itself contain a counterclaim denominated as such, unless a reply is ordered by the court. . . . A clear showing of necessity or of extraordinary circumstances of a compelling nature will usually be required before the court will order a reply." 2 James Wm. Moore, et al., Moore's Federal Practice § 7.02[7][b] (3d ed. 2006).

In this case, the defendants' answer did not contain a counterclaim and the Court did not order plaintiff to file a reply to the answer. The Traverse filed by plaintiff does not indicate a clear showing of necessity or of extraordinary circumstances of a compelling nature. Plaintiff's Traverse is therefore not properly filed under Rule 7(a), Fed. R. Civ. P., and will be stricken from the record.

To the extent plaintiff seeks to file an amended complaint, leave of Court is required. See Rule 15(a), Fed. R. Civ. P. A motion for leave to file an amended complaint must be filed, and the proposed amended complaint must accompany it. It is well established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect. In re: Atlas Van Lines, Inc., 209 F.3d 1064 (8th Cir. 2000). As a result, an amended complaint cannot rely on information contained in the original complaint and must set forth all of the parties' names and the plaintiff's claims. Plaintiff's document titled "Amended Complaint/Traverse" does not meet this standard.

Finally, the Court appointed counsel to represent plaintiff by Order dated February 6, 2008. (Doc. 17). "There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." United States v. Agofsky, 20 F.3d 866, 872 (8th Cir.), cert. denied, 513 U.S. 909 (1994). "A district court has no obligation to entertain pro se motions filed by a represented party." Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001); Agofsky, 20 F.3d at 872 (holding that a court commits "no error" in refusing to rule on pro se motions raised by a represented party). Because plaintiff has appointed counsel, the Court will not address any motions filed by plaintiff pro se. In the future, plaintiff should communicate with the Court only through appointed counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Amended Complaint/Traverse" is **STRICKEN** from the record of this case. [Doc. 18]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall delete Document 18 from the record of this matter.

**IT IS FURTHER ORDERED** that in the future, plaintiff shall communicate with the Court only through appointed counsel.

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this __22nd__ day of February, 2008.